**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

LARENZ MCINNIS,

       Plaintiff,

v.                                           Case No. 16-13525

TOWNSHIP OF WEST
BLOOMFIELD, et al.,

       Defendant.
_____/

**OPINION AND ORDER DENYING MOTION TO VACATE**

Plaintiff Larenz McInnis sued the Township of West Bloomfield, the West Bloomfield Police Department, the Oakland County Prosecutor's Office, "Officer Frederick," "Detective Medham," "Officer John Doe," Assistant Prosecutor Nicole Soma, and his former defense attorneys Karen Cook and Lanita Haith, seeking $5,000,000 in damages related to his arrest, detention, and prosecution. (Dkt. # 1.) Plaintiff also filed an application to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915(a)(1); (Dkt. # 2), which the court granted. (Dkt. # 4.) In the same opinion and order the court dismissed this action as against Defendants Oakland County Prosecutor's Office, Township of West Bloomfield, West Bloomfield Police Department, Nicole Soma, Karen Cook, and Lanita Haith, pursuant to 28 U.S.C. § 1915(e)(2), because the complaint fails to state a claim on which relief may be granted against these Defendants. (Dkt. # 4.) Plaintiff has since filed a purported "motion to vacate" in which he asks this court to reconsider its order dismissing these Defendants. (Dkt. # 19.) The court therefore construes Plaintiff's

1

filing as a motion for reconsideration to which neither a response nor oral argument is permitted absent a court order.  E.D. Mich. LR 7.1(h)(2). The court will deny the motion.

## I. BACKGROUND

Plaintiff's *pro se* complaint alleges seven separate counts against various municipal entities and officials both in their individual and official capacities as well as several attorneys and two unnamed John Does (supervisors to named officers). Plaintiff was a minor during the alleged conduct, which generally involves his wrongful arrest, detention, and prosecution before the case against him was ultimately dismissed.

Of particular relevance to the present motion are Plaintiff's allegations against Assistant Prosecutor Nicole Soma and the Township of West Bloomfield. Plaintiff alleges that on January 17, 2015, Assistant Prosecutor Nicole Soma knowingly "used false/and/or unlawful means in a legal court proceeding" and pursued an untimely action—beyond the 180-day jurisdictional limit—in violation of Plaintiff's Sixth Amendment right to speedy trial and Michigan Court Rule 6.004. (Dkt. # 1, Pg. ID 8.) In Plaintiff's claims under Section 1983 he includes the "City of West Bloomfield", presumably meaning the Township of West Bloomfield, though he does not make clear what objectionable conduct this Defendant performed. Plaintiff additionally alleges that the Township is liable for falsely detaining him following his arrest under Section 1986.

The court reviewed the complaint in detail in its prior order and concluded that, in general, it contains allegations of "ulterior motives and conspiracies motivating the complained-of conduct" and lacks "substantial additional detail." (Dkt. # 4, at Pg. ID 31.) The court dismissed Plaintiff's claims against Assistant Prosecutor Nicole Soma, the Oakland County Prosecutor Office, the West Bloomfield Police Department, the

Township of West Bloomfield, and defense attorneys Karen Cook and Lanita Haith. Plaintiff now moves the court for reconsideration of that dismissal order, specifically the dismissal of claims against Soma and the Township of West Bloomfield. (Dkt. # 19, Pg. ID 78, 85.)

## II. STANDARD

In the Eastern District of Michigan, a party filing a motion for reconsideration must "demonstrate a palpable defect by which the court and the parties . . . have been misled" and "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) (holding that the district's local rules regarding motions for reconsideration are the applicable standard rather than Rule 59(e) which governs motions to amend the judgment). Generally, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). "A motion for reconsideration is not to be used as a means to reargue matters already argued and dispose[d] of or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant." *Lyles v. Jackson*, No. 05-70146, 2006 WL 3106204, at *1 (E.D. Mich. Oct. 31, 2006) (internal citations and quotations omitted). However, it is also not a vehicle to raise new issues for the first time. *See Evanston Ins. Co. v. Cogswell Properties, LLC*, 683 F.3d 684, 692 (6th Cir. 2012) ("Arguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal."). Instead, a party must identify a "palpable defect," that is one which "is 'obvious, clear, unmistakable, manifest or plain.'" *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014)

3

(quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)).

## III. DISCUSSION

### A. Assistant Prosecutor Soma

In the dismissal order, the court held that the claims against Soma and the Oakland County Prosecutor's Office are subject to absolute immunity, where "the critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *See Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003) (quotation omitted). The court concluded that Plaintiff's allegations "all fall under the role of a prosecutor as an advocate as opposed to an administrative or investigatory role." (Dkt. # 4) (citing *Rouse v. Stacy*, 478 Fed. App'x. 945 (6th Cir. 2012)). Consequently, the court dismissed Plaintiff's claims against Soma.

Plaintiff, while quoting extensively from Michigan state law, insists that the court erred when it determined that Soma's complained-of conduct is subject to absolute immunity. (Dkt. # 19, Pg. ID 75.) Plaintiff complains about the delay in dismissing his case and about alleged discovery violations. (*Id.* at 77-78.) Plaintiff alleges that Soma committed a *Brady* violation by purportedly withholding video evidence, but he does not identify or describe the video evidence nor explain how it is exculpatory. (*Id.* at 82.) He asserts that the court erred in finding that Soma's bad faith conduct is subject to absolute immunity.

The court did not err; the purported discovery issues identified by Plaintiff are part of the judicial process and directly related to Soma's role as an advocate in the criminal process. Plaintiff has provided no factual basis to find that Soma's conduct was

4

unauthorized or in bad faith. Conclusory statements do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, evidence is material, and thus must be disclosed under *Brady*, only when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Robertson v. Lucas*, 753 F.3d 606, 620 (6th Cir. 2014) (quoting *Kyles v. Whitley*, 514 U.S. 419, 433–34 (1995)). Plaintiff recognizes that the case against him was ultimately dismissed and provides no explanation how this result would have been different or more favorable to him had he received the unknown video. (Dkt. # 19, Pg. ID 77.) Plaintiff has failed to identify a palpable defect in the court's order.

### B. The Township of West Bloomfield

In its dismissal order, the court stated that municipal entities are not subject to *respondeat superior* liability under *Monell* unless the complained-of conduct embodies official policy. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694, (1978). The court concluded that Plaintiff has not alleged any facts to suggest that the complained-of conduct was a government policy, and therefore to the extent that Plaintiff's theory relied on acts by the officers employed by the Township, he could not succeed on his claims against the Township.

To assert a *Monell* claim, a plaintiff must allege facts to show that he suffered a constitutional violation and that a municipal policy or custom directly caused the violation. *See Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017). More specifically, the Sixth Circuit has explained

> [A] municipality is liable under § 1983 only if the challenged conduct occurs pursuant to a municipality's "official policy," such that the municipality's promulgation or adoption of the policy can be said to have

"cause[d]" one of its employees to violate the plaintiff's constitutional rights.

*D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 692). To make a showing of an illegal policy or custom a plaintiff must demonstrate one of the following

> (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). When a plaintiff relies on "the existence of a policy of inadequate training or supervision," as Plaintiff seems to do here, he must show "prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Burgess*, 735 F.3d at 478 (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir.2010)).

Plaintiff recites the elements of a *Monell* claim without the factual basis to support the claim. (Dkt. # 19, Pg. ID 92-93) (quoting Plaintiff's complaint). He has not provided any factual allegations regarding a "history of abuse" by the Township's police force or any facts to suggest that the Township "was clearly on notice" of deficient training. Plaintiff complains about the conduct of Soma and the Police Department only in conclusory fashion and fails to set forth facts showing a policy or custom. (*Id.* at Pg. ID 92.)  He argues that "the mere fact that plaintiff filed this action against multiple officers" establishes that the policies of the Township of West Bloomfield are directly "related to the abuse Plaintiff received during his arrest." (Dkt. # 19, Pg. ID 94.)

Plaintiff is incorrect. *Iqbal* demands more than unadorned, he-hurt-me accusations and recitations of law. *Iqbal*, 556 U.S. at 678. Plaintiff's complaint and motion contain only boilerplate, meandering statements of law. Plaintiff has failed to identify a palpable defect in the court's order. Accordingly,

IT IS ORDERED that Plaintiff's motion to vacate (Dkt. # 19) is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2018

I hereby certify that a copy of the foregoing document was served upon all parties of record on this date, September 25, 2018, by electronic and/or ordinary mail.

S/William Barkholz for Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6523

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\16-13525.MCINNIS.Vacate.Reconsideration.AJU.docx